■ In the Matter of ERIC W. WIEGAND, Petitioner, v JOHN H. CRANDALL, Respondent. [987 NYS2d 747]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to annul a determination of respondent. The determination revoked the pistol permit of petitioner.

It is hereby ordered that said petition is unanimously dismissed without costs.

Memorandum: petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his pistol permit. We conclude that the proceeding must be dismissed as time-barred. "A proceeding pursuant to CPLR article 78 'must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner' " (*Matter of Silvestri v Hubert*, 106 AD3d 924, 924-925 [2013], quoting CPLR 217 [1]). Here, respondent's determination became final and binding upon petitioner once he received notice of it (*see id.* at 925). The record establishes that petitioner had notice of the determination at least by May 10, 2013, the date on which he improperly filed a notice of appeal in an attempt to seek review of respondent's determination. This proceeding was not commenced until October 17, 2013, and thus the petition must be dismissed as time-barred (*see id.*; *Matter of Dalton v Drago*, 72 AD3d 1243, 1243 [2010]; *Matter of Fowler v Marks*, 241 AD2d 928, 928 [1997], *lv denied* 91 NY2d 801 [1997]). The fact that petitioner filed an improper notice of appeal within the four-month statute of limitations does not alter our decision (*see generally* CPLR 201; *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]; *Dalton*, 72 AD3d at 1243). Present—Centra, J.P., Lindley, Sconiers, Valentino and DeJoseph, JJ.